Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7067 | **DATE** | 7/5/2011 |
| **CASE TITLE** | James Hardy (R-40050) vs. Leonata Jackson | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's second motion for reconsideration [12] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     This matter is before the court on Petitioner James Hardy's (Hardy) second *pro se* motion for reconsideration. On December 15, 2010, the court denied Hardy's motion for leave to proceed *in forma pauperis*. The court gave Hardy until January 5, 2011, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form. The court also warned Hardy that if he failed to pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by January 5, 2011, this case would be dismissed. The deadline passed, and Hardy had not paid the filing fee or filed the *in forma pauperis* application form. Therefore, on January 10, 2011, the court dismissed the instant action. The docket reflects that on January 24, 2011, Hardy paid the $5 filing fee. The docket also reflects that on January 24, 2011, Hardy submitted a letter to the court (Letter), which Hardy claims was written on January 6, 2011. (Let. 1). Hardy requested in the Letter that the court accept his filing fee and reconsider the dismissal of the case. The court liberally construed the Letter as a *pro se* motion for reconsideration. On April 25, 2011, the court denied the motion for reconsideration and order the Clerk of Court to return the filing fee.

     On May 16, 2011, Hardy filed a letter with the court again requesting that the court reinstate his

| STATEMENT |
|---|
| action. The court will liberally construe the letter as a motion for reconsideration. In order to obtain the vacation of a judgment and reinstatement of an action pursuant to Federal Rule of Civil Procedure 59(e), a party must show "a manifest error of law or fact," or present "newly discovered evidence." *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010). In the Letter, Hardy does not adequately explain why he failed to comply with this court's prior order giving Hardy an opportunity to provide certain documentation. Hardy still has not shown that the court erred in dismissing the instant action or shown that the case should be reinstated. Nor has Hardy introduced any new evidence to show that this case should be reinstated. Therefore, the motion for reconsideration is denied. |